IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-K-1724
(Consolidated with 98-K-2110)

COZINCO, INC., a Colorado Corporation,

   Plaintiff,

v.

THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; STEPHEN L.
JOHNSON, as Administrator of the U.S. Environmental Protection Agency; ROBERT E.
ROBERTS, as Regional Administrator of Region 8 of the U.S. Environmental Protection Agency;
and GEORGE W. BUSH, as President of the United States,

   Defendants,

and

UNITED STATES OF AMERICA,

   Plaintiff,

v.

COZINCO, INC.,

   Defendant.

**<u>CONSENT DECREE</u>**

## TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.      REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Payment of Response Costs to the EPA Hazardous Substance Superfund . . . . . . 6
        Dissolution of Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE . . . . . . 7
        Interest on Late Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Stipulated Penalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII.    COVENANTS NOT TO SUE BY THE UNITED STATES . . . . . . . . . . . . . . . . . . . 9
        Covenants Not to Sue by United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        Reservation of Rights by United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VIII.   COVENANT NOT TO SUE BY COZINCO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        Reservation of Rights by CoZinCo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IX.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . 13

X.      SITE ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XI.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XII.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XIII.   INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XIV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . 15

XV.     EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XVI.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# I. <u>BACKGROUND</u>

A.  In September 1998, the United States of America ("United States"), on behalf of the

Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint

in this matter against CoZinCo, Inc., now known as Chaffee Corporation ("CoZinCo"), pursuant

to Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act

of 1980, 42 U.S.C. § 9606, as amended ("CERCLA"), seeking penalties and treble damages for

alleged violations of a unilateral administrative order issued to CoZinCo by EPA to address real

or potential threats to human health and the environment posed by the release of zinc from

CoZinCo's Facility at the Smeltertown Superfund Site in Chaffee County, Colorado ("the Site").

In its complaint, the United States also sought, pursuant to Section 107 of CERCLA, 42 U.S.C. §

9607, reimbursement of response costs incurred and to be incurred for response actions taken by

the United States at or in connection with the release or threatened release of hazardous

substances at the Site.

B.  In August 1998, CoZinCo also filed a complaint against the EPA, its Administrator, its

Regional Administrator and the President of the United States ("Federal Defendants"), alleging

that the Federal Defendants are liable to CoZinCo under Section 106(b) of CERCLA, 42 U.S.C. §

9606(b), for costs incurred by CoZinCo for response actions taken by CoZinCo at the

Smeltertown Site.

C.  By order of the Court dated October 29, 1998, the above-referenced actions were

consolidated.  <u>See</u> Court Docket No. 13.

D.  In June 1989, CoZinCo and the State of Colorado ("State") entered into Compliance

1

Order on Consent No. 89-01-17-10 ("State Cleanup Order") which required CoZinCo to, among other things, implement a remedial action plan at the CoZinCo Facility upon determination by the State that remediation was necessary to meet closure performance standards set forth in the Colorado Code of Regulations, 6 C.C.R. 1007-3, Sections 265.111 and 265.258.

     E.  On February 7, 1992, EPA proposed to include the Smeltertown Site on the National Priorities List ("NPL"), at 57 Fed. Reg. 4824.  The Site, as proposed, included releases of hazardous substances from three industrial operations which EPA organized into the following operable units: Operable Unit 1, which consists of contamination from smelting activities; Operable Unit 2, which consists of contamination from wood treating operations; and Operable Unit 3, which consists of contamination from CoZinCo's production of zinc sulfate monohydrate.

     F.  On December 8, 1997, CoZinCo issued Volumes I and II of a Corrective Measure Study ("CMS") as the approved groundwater corrective action program for CoZinCo in accordance with the State Cleanup Order, as amended.

     G.  In September 1998, EPA deferred cleanup of the CoZinCo Facility to the State of Colorado in accordance with the terms of the amended State Cleanup Order.  In a Memorandum of Understanding ("MOU") executed in August 1998, between EPA and the State documenting the deferral decision, EPA agreed to initiate procedures to remove the CoZinCo Facility from the proposed NPL listing.  On November 30, 2001, EPA published notice in the Federal Register of the Agency's amendment of its proposal to list Operable Unit 3 of the Smeltertown Site to exclude the CoZinCo Facility from the scope of the listing.  66 Fed. Reg. 59759.

     H.  By entering into this Consent Decree, the Parties do not admit any liability arising out

2

of the transactions or occurrences alleged in either complaint.

I.  The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, with the consent of the Parties to this Decree, it is **ORDERED, ADJUDGED, AND DECREED:**

## II.  <u>JURISDICTION</u>

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606(b), 9607 and 9613(b) and also has personal jurisdiction over the Federal Defendants and CoZinCo.  The Parties consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  <u>PARTIES BOUND</u>

2.  This Consent Decree is binding upon the Parties and upon their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any name change or transfer of assets or real or personal property, shall in no way alter the status or responsibilities of CoZinCo under this Consent Decree.

## IV.  <u>DEFINITIONS</u>

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in

this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

     a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 - 9675;

     b.  "Consent Decree" shall mean this Consent Decree;

     c.  "CoZinCo" shall mean Chaffee Corporation, a Colorado corporation formerly known as CoZinCo, Inc., its officers, directors, employees, attorneys, successors and assigns;

     d.  "CoZinCo Facility" shall mean the manufacturing plant and real property referred to as Operable Unit 03 of the Site ("OU 3") and such other locations where hazardous substances originating from CoZinCo's Facility come to be located.

     e.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

     f.  "DOJ" shall mean the United States Department of Justice;

     g.  "Effective Date" of this Consent Decree shall be sixty (60) days from the date upon which it is entered by this District Court, unless an appeal of the entry and judgment is filed during the sixty (60) day period.  If an appeal is taken, the effective date shall mean the date, if any, on which this District Court's judgment is affirmed.

     h.  "EPA" shall mean the United States Environmental Protection Agency;

     i.  "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507;

     j.  "Federal Defendants" shall mean the United States Environmental Protection Agency,

Stephen L. Johnson, as Administrator of the U.S. Environmental Protection Agency, Robert

Roberts, as Regional Administrator of Region 8 of the U.S. Environmental Protection Agency,

and George W. Bush, as President of the United States;

k.   "Future Response Costs" shall mean all costs, including but not limited to direct and

indirect costs and EPA's costs associated with any natural resource damage assessments, that

EPA (or DOJ on behalf of EPA) will accrue at or in connection with the Site after the Effective

Date of this Consent Decree, plus accrued Interest on all such costs;

l.   "Interest" shall mean interest at the current rate specified for interest on investments of

the EPA Hazardous Substance Superfund, compounded annually on October 1 of each year, in

accordance with 42 U.S.C. § 9607(a);

m.   "NPL Withdrawal Costs" shall mean all costs, including but not limited to direct and

indirect costs, that EPA (or DOJ on behalf of EPA) has incurred or will incur relating to the

withdrawal of EPA's proposal to include the CoZinCo Facility as part of the Smeltertown Site;

n.   "Paragraph" shall mean a portion of this Consent Decree identified by an arabic

numeral or an upper or lower case letter;

o.   "Parties" shall mean the United States and CoZinCo;

p.   "Past Response Costs" shall mean all costs, including but not limited to direct and

indirect costs, that EPA (or DOJ on behalf of EPA) has accrued at or in connection with the Site

prior to the Effective Date of this Consent Decree, plus accrued Interest on all such costs through

such date;

q.   "Response Costs" shall mean all Past and Future Response Costs and NPL Withdrawal

5

Costs;

r.  "Section" shall mean a portion of this Consent Decree identified by a roman numeral;

s.  "Site" shall mean the Smeltertown Superfund Site including Operable Units 01, 02, and 03, encompassing approximately 125 acres, located in Chaffee County, Colorado;

t.  "State" shall mean the State of Colorado, including its departments, agencies and instrumentalities;

u.  "State Cleanup Order" shall mean the Compliance Order on Consent No. 89-01-17-10, executed by the State and CoZinCo, along with any amendments thereto; and

v.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities,

## V.  <u>REIMBURSEMENT OF RESPONSE COSTS</u>

4.  <u>Payment of Response Costs to the EPA Hazardous Substance Superfund</u>.  Within thirty (30) days of the Effective Date of this Consent Decree, and without any admission of wrongdoing or liability and solely in compromise of claims between the Parties, the Parties shall direct the Trustee for the Chaffee Corporation Trust CoZinCo v. EPA, Account Trust, No. 21 00 0526 03 4 (the "Trust") to pay to the EPA Hazardous Substance Superfund $100,000.00 from the Trust in reimbursement of Response Costs.  Payment to the Smeltertown Superfund Site Special Account within the EPA Hazardous Substance Superfund shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 1998V00830, the EPA Region and Site Spill ID Number 08-J6 and DOJ Case Number 90-11-3-1522A.  Payment shall be made in accordance

6

with instructions provided to CoZinCo by the Financial Litigation Unit of the U.S. Attorney's

Office in the District of Colorado following lodging of the Consent Decree.  Any payments

received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next

business day.  CoZinCo shall send notice to EPA and DOJ that payment has been made in

accordance with Section XI (Notices and Submissions) and to the Regional Financial

Management Officer (mail code TMS-F) and the Cost Recovery Program Manager (mail code

ENF-RC), United States Environmental Protection Agency, 999 18th Street, Denver, Colorado,

80202.  The total amount to be paid by CoZinCo pursuant to this Paragraph shall be deposited by

EPA in the Smeltertown Superfund Site Special Account within the EPA Hazardous Substance

Superfund to be retained and used to conduct or finance response actions at or in connection with

the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.  The remaining

balance of the Trust shall be paid to CoZinCo.

   5. <u>Dissolution of Trust</u>. In accordance with the Stipulation entered into between the

parties on September 29, 2004 (Court Docket No. 417) and approved by Order of the Court on

October 6, 2004 (Court Docket No. 418), the United States and CoZinCo agree and shall work

cooperatively to ensure that the Trust shall be dissolved immediately upon the United States'

receipt of the payment specified in Paragraph 4, above.

## VI. <u>FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE</u>

   6. <u>Interest on Late Payments</u>.  In the event that the payment required by Section V

(Reimbursement of Response Costs) or Section VI, Paragraph 7 (Stipulated Penalties), is not

received when due, Interest shall begin to accrue when due and continue to accrue on the unpaid

balance through the date of payment.

7. <u>Stipulated Penalties.</u>

a. <u>Amounts Owing under Consent Decree.</u>  If any amount due to EPA under this Consent Decree is not paid by the required date, CoZinCo shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 6, $100 per day during the first thirty (30) days that such payment is late, and $500 per day for each day that such payment is late thereafter.

b. Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA.  All payments to EPA of stipulated penalties under this Section shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> Mellon Bank
> Attn: Superfund Accounting Lockbox 360859
> Pittsburgh, Pa.  15251-6859

c.  All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, EPA Region 8, the Site Spill ID Number 08-J6, USAO File Number 1998V00830, and DOJ Case Number 90-11-3-1522A. Copies of check[s] paid pursuant to this Paragraph, and any accompanying transmittal letter[s], shall be sent to EPA and DOJ as provided in Section XI (Notices and Submissions) and to the Regional Financial Management Officer (mail code TMS-F) and the Cost Recovery Program Manager (mail code ENF-RC), United States Environmental Protection Agency, 999 18th Street, Denver, Colorado, 80202.

8.  Penalties shall accrue as provided in Paragraph 7 above, regardless of whether EPA

has notified CoZinCo of the violation or made a demand for payment but need only be paid upon

demand.  All penalties shall begin to accrue on the day after complete performance is due or the

day a violation occurs and shall continue to accrue through the final day of correction of the

noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous

accrual of separate penalties for separate violations of this Consent Decree.

9.  Payments made under Paragraphs 4 - 7 shall be in addition to any other remedies or

sanctions available to the United States by virtue of CoZinCo's failure to comply with the

requirements of this Consent Decree.

10.   Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Consent Decree.

### VII.  COVENANTS NOT TO SUE BY THE UNITED STATES

11.  Covenants Not to Sue by United States.

In consideration of the payments that will be made by CoZinCo, and except as provided in

Paragraph 12 (Reservation of Rights By the United States), the United States covenants not to

sue or to take administrative action against CoZinCo pursuant to Sections 106 and 107(a) of

CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site and Response Costs.  With

respect to present and future liability, this covenant not to sue shall take effect upon receipt by

EPA of all payments required by Section V (Reimbursement of Response Costs) and Section VI,

Paragraphs 6 (Interest on Late Payments) and 7 (Stipulated Penalties).  This covenant not to sue

is conditioned upon the satisfactory performance by CoZinCo of its obligations under this

Consent Decree.  This covenant not to sue extends only to CoZinCo and does not extend to any other person.

a.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to the United States' right to institute proceedings in this action or in a new action, or to issue administrative orders seeking to compel CoZinCo: (1) to perform further response actions relating to the CoZinCo Facility; or (2) to reimburse the United States for additional costs of response if, subsequent to the Effective Date of this Consent Decree; (i.) conditions at the CoZinCo Facility, previously unknown to EPA are discovered, or (ii.) information, previously unknown to EPA, is received upon which, in whole or in part, EPA, determines that these previously unknown conditions or information together with any other relevant information indicate conditions at the CoZinCo Facility pose a threat to human health, the public welfare, or the environment.  For purposes of this Paragraph, the information and the conditions known to EPA shall include that information and those conditions known to EPA as of the Effective Date of this Consent Decree which are contained in EPA's Administrative Record for the Site, EPA's Site file for the Smeltertown Site, in any information received by EPA during the course of discovery in this action prior to the Effective Date of this Consent Decree, or any information in the State of Colorado's file for the CoZinCo Facility and Smeltertown Site.

12.  <u>Reservation of Rights by United States</u>.  The covenants not to sue set forth in Paragraphs 11 do not pertain to any matters other than those expressly specified therein.  The United States reserves, and this Consent Decree is without prejudice to, all rights against CoZinCo with respect to all other matters, including but not limited to:

10

a.  claims based on a failure by CoZinCo to meet a requirement of this Consent Decree;

b.  liability for damages for injury to, destruction of, or loss of natural resources and for the costs of any natural resource damage assessments except any natural resource damage assessments performed by EPA;

c.  criminal liability;

d.  liability for costs incurred or to be incurred by the United States that are not within the definition of Response Costs;

e.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance or pollutant or contaminant unrelated to the Site; and

f.  liability based on Respondent's future ownership or operation of the Site or upon Respondent's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance at or in connection with the Site after signature of the Consent Decree.

## VIII.  COVENANT NOT TO SUE BY COZINCO

13.  CoZinCo covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees with respect to Response Costs, or any other costs or damages that CoZinCo has incurred at or in connection with the Site, this consolidated civil action, or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Section 106(b)(2), including those claims previously asserted in the complaint filed in Civil Action 98-K-1724, and Sections 106(b)(2),107, 111, 112, or 113 of CERCLA, 42

11

U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the United States' response actions at the Site, including but not limited to claims under the Federal Tort Claims Act and claims for litigation costs or fees under 28 U.S.C. § 2412, prior to the Effective Date of this Consent Decree; and

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, arising from response costs incurred at the Site prior to the Effective Date of this Consent Decree.

14.  <u>Reservation of Rights by CoZinCo</u>.  The covenants not to sue set forth in Paragraph 13 do not pertain to any matters other than those expressly specified therein.  CoZinCo reserves, and this Consent Decree is without prejudice to, all rights against the United States with respect to all other matters, including but not limited to:

a.  claims based on a failure by the United States to meet a requirement of this Consent Decree; and

b.  liability for response costs incurred by CoZinCo in responding to future administrative orders under Section 106 of CERCLA, 42 U.S.C. § 9606.

15.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## IX.  **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

16.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any

cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

17.  The Parties agree, and by entering this Consent Decree this Court finds, that CoZinCo is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the matters addressed herein.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person.

18.  CoZinCo agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty 60 days prior to the initiation of such suit or claim.  CoZinCo also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10) days of service of the complaint or claim upon it.  In addition, CoZinCo shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

19.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief or other relief relating to the Site, CoZinCo shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral

13

estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants Not to Sue by the United States set forth in Section VII.

## X.  SITE ACCESS

20.  Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 - 6992k, and any other applicable statutes or regulations.

## XI.  NOTICES AND SUBMISSIONS

21.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ and CoZinCo, respectively.

As to the United States/DOJ:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ #90-11-3-1522A)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:
Richard Sisk
Enforcement Attorney
United States EPA

999 18th Street, Suite 500
Denver, Colorado 80202

As to CoZinCo:
Chaffee Corporation
f/k/a CoZinCo, Inc.
2973 S. Milwaukee Circle
Denver, Colorado 80210
Attn: Thomas Nevens, President
and
Christopher J. Sutton
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202

## XII.  RETENTION OF JURISDICTION

22.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII.  INTEGRATION

23.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XIV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

24.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

15

CoZinCo consents to the entry of this Consent Decree without further notice.

25.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV.  EFFECTIVE DATE

26.  The Effective Date of this Consent Decree shall be sixty (60) days from the date upon which it is entered by this District Court, unless an appeal of the entry and judgment is filed during the sixty (60) day period.  If an appeal is taken, the effective date shall mean the date, if any, on which this District Court's judgment is affirmed.

## XVI.  SIGNATORIES/SERVICE

27.  The undersigned representatives of CoZinCo and the Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, certify that they are authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

28.  CoZinCo hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified CoZinCo in writing that it no longer supports entry of the Consent Decree.

29.  CoZinCo shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  CoZinCo hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not

limited to, service of a summons.

**SO ORDERED** THIS <u>8th</u> DAY OF <u>June</u>, 2006.

<div style="margin-left:40%">

 S/John L. Kane
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

</div>

THE UNDERSIGNED PARTIES on behalf of the United States enter into this Consent Decree in the consolidated matters of  CoZinCo, Inc. v. United States Environmental Protection Agency; Stephen L. Johnson, as Administrator of the U.S. Environmental Protection Agency; Robert E. Roberts, as Regional Administrator of Region 8 of the U.S. Environmental Protection Agency; and George W. Bush, as President of the United States, Civil Action No. 98-K-1724, and United States of America v. CoZinCo, Inc., Civil Action No. 98-K-2110, relating to the Smeltertown Superfund Site.

**FOR THE UNITED STATES OF AMERICA**


Date:  ___4-17-2006_____          *s/ Sue Ellen Wooldridge*
                                        SUE ELLEN WOOLDRIDGE
                                        Assistant Attorney General
                                        Environment and Natural Resources
                                           Division
                                        U.S. Department of Justice
                                        Washington, D.C.  20530


Date::  ___4-21-2006_____         *s/ John N. Moscato*
                                        JOHN N. MOSCATO
                                        Senior Counsel
                                        Environmental Enforcement Section
                                        Environment and Natural Resources
                                           Division
                                        U.S. Department of Justice
                                        999 18th Street North Tower, Suite 945
                                        Denver, CO 80202
                                        (303) 312-7346
                                        john.moscato@usdoj.gov


Date::  ___4-21-2006_____         *s/ Alan D. Greenberg*
                                        ALAN D. GREENBERG
                                        Trial Attorney
                                        Environmental Defense Section
                                        Environment and Natural Resources
                                           Division
                                        U.S. Department of Justice
                                        999 18th Street North Tower, Suite 945
                                        Denver, CO 80202
                                        (303) 312-3742

THE UNDERSIGNED PARTIES on behalf of the United States enter into this Consent Decree in the consolidated matters of  CoZinCo, Inc. v. United States Environmental Protection Agency; Stephen L. Johnson, as Administrator of the U.S. Environmental Protection Agency; Robert E. Roberts, as Regional Administrator of Region 8 of the U.S. Environmental Protection Agency; and George W. Bush, as President of the United States, Civil Action No. 98-K-1724, and United States of America v. CoZinCo, Inc., Civil Action No. 98-K-2110, relating to the Smeltertown Superfund Site.


Date:   4-12-2006                    *s/ Michael T. Risner*
                                     MICHAEL T. RISNER
                                     Director, Legal Enforcement Program
                                     U.S. Environmental Protection Agency
                                     999 18th Street, Suite 500
                                     Denver, Colorado 80202


Date:   4-12-2006                    *s/ Sharon L. Kercher*
                                     SHARON KERCHER
                                     Director, Technical Enforcement Program
                                     U.S. Environmental Protection Agency
                                     999 18th Street, Suite 500
                                     Denver, Colorado 80202


Date:   4-12-2006                    *s/ Richard Sisk*
                                     RICHARD SISK
                                     Enforcement Attorney
                                     U.S. Environmental Protection Agency
                                     999 18th Street, Suite 500
                                     Denver, Colorado 80202

19

THE UNDERSIGNED on behalf of  Chaffee Corporation f/k/a Cozinco, Inc., enter into this Consent Decree in the consolidated matters of  CoZinCo, Inc. v. United States Environmental Protection Agency; Stephen L. Johnson, as Administrator of the U.S. Environmental Protection Agency; Robert E. Roberts, as Regional Administrator of Region 8 of the U.S. Environmental Protection Agency; and George W. Bush, as President of the United States, Civil Action No. 98-K-1724, and United States of America v. CoZinCo, Inc., Civil Action No. 98-K-2110, relating to the Smeltertown Superfund Site.

<div align="center">

FOR CHAFFEE CORPORATION
f/k/a COZINCO, INC.

</div>

Date:  4-15-2006             *s/ Thomsas D. Nevens*
                                 Thomas Nevens, President


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    Christopher J. Sutton
Title:     Attorney for Chaffee Corporation f/k/a CoZinCo, Inc.
Address: 1675 Broadway, Suite 2800
             Denver, Colorado 80202